19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lawrence E. DELOACH, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 94-3006.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1994.
 
 Before MAYER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lawrence E. Deloach seeks review of the July 30, 1993, decision of the Merit Systems Protection Board, No. DA0752930326I1, which became final on September 3, 1993, concluding it had no jurisdiction to hear his appeal of an adverse personnel action by the Department of the Treasury, U.S. Customs Service. We affirm.
 
 
 2
 Deloach alleges that the agency removed him from the position of Criminal Investigator in reprisal for activities protected by the Whistleblower Protection Act of 1989. The agency maintains, and the board found by a preponderance of the evidence, that Deloach was not removed at the time he filed his appeal because the removal notice was sent in error by an entity other than the agency and the agency subsequently notified him that he was not removed. The board concluded that at the time he filed his appeal, Deloach's removal was proposed but not effected. Accordingly it determined that Deloach had no individual right of action appeal because a proposed removal must first be taken to the Office of Special Counsel and Deloach did not so do.
 
 
 3
 The board applied the correct law and its findings are supported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1988). We also see no error in the conclusion that it could not hear Deloach's claim of restoration rights. Id. Accordingly, we affirm the board's determination that it lacked jurisdiction to hear Deloach's appeal and therefore do not reach the merits of his claims.